NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIMITHOY DEANGELO MAY, *Appellant.*

No. 1 CA-CR 17-0497
FILED 7-31-18

Appeal from the Superior Court in Maricopa County
No. CR2016-125413-001 DT
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, Tempe
By Kyle T. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

**¶1**      This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Timithoy Deangelo May has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. May was convicted of aggravated robbery, a Class 3 dangerous felony; four counts of aggravated assault, Class 4 felonies; one count of aggravated assault, a Class 6 felony; and one count of aggravated assault, a Class 3 dangerous felony. May was given an opportunity to file a supplemental brief *in propria persona*, but he has not done so. After reviewing the record, we affirm May's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**      We view the evidence in the light most favorable to sustaining the judgment and resolve all reasonable inferences against May. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3**      On the evening of May 28, 2016, the victim's girlfriend was at her and the victim's home when she heard noises coming from outside. She went outside and saw two men kicking and beating the victim. As she covered the victim with her body to protect him, the men took the victim's wallet and two cell phones. The men then left the scene, and the victim's girlfriend called the police and provided a description of the assailants.

**¶4**      Police officers began patrolling the area and eventually came across May. May's description matched the description provided by the victim's girlfriend, and the victim's girlfriend positively identified May as one of the assailants in a one-on-one identification. The police officers then detained May and required him to remove his belt and shoes. When he removed his shoes, the officers found the victim's commercial driver's license inside May's shoe.

**¶5**      The State indicted May with one count of aggravated robbery, a Class 3 dangerous felony and six counts of aggravated assault, four of

which were designated Class 4 felonies, one of which was designated a Class 6 felony, and another designated as a Class 3 dangerous felony. The State alleged as aggravating circumstances that the offenses involved the infliction or threatened infliction of serious physical injury; the offense involved the presence of an accomplice; the defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; and that the offense caused physical, emotional, or financial harm to the victim.

¶6 The jury found May guilty of all counts. As to the count of aggravated robbery, the jury found the State had proven the aggravating factors of the offense involving the intentional or knowing infliction of serious physical injury; the offense involving the presence of an accomplice; and the defendant committing the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. As to five of the counts of aggravated assault, the jury found the State had proven the offense involved the presence of an accomplice. Finally, as to the count of aggravated assault, a Class 3 dangerous felony, the jury found the State proved the offense involved the intentional or knowing infliction of serious physical injury and the offense involved the presence of an accomplice.

¶7 The court sentenced May to six years' imprisonment for count 1, six years' imprisonment for count 6, to run concurrently with count 1, and credited May 355 days of presentence incarceration credit. The court also suspended the sentences on counts 2, 3, 4, 5, and 7, and placed May on three years' probation to begin on his discharge from prison. Finally, it assessed fees for probation service, probation assessment, time payment, victims' rights enforcement, and a penalty assessment.

¶8 May timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033.

**DISCUSSION**

¶9 We review May's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for May has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented May at all stages of the

proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm May's convictions and sentences.

**¶10**      Upon the filing of this decision, defense counsel shall inform May of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). May shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶11**      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    JT